UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 09-cv-01697-PAB-CBS

GARY L. DILLAHUNTY,
   Plaintiff,

vs.

PRECEPT BUILDERS, INC.,
   Defendant.

---

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

  To expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing or otherwise improperly annoy, embarrass, oppress or cause undue burden or expense to any party, witness, or person providing discovery in this case, the Plaintiff Gary L. Dillahunty and Defendant Precept Builders, Inc. stipulate as follows:

  The parties will follow the procedures set forth in this Stipulated Confidentiality Agreement and Protective Order (the "Protective Order" or "Confidentiality Stipulation") with respect to disclosure of information, documents, or things in this litigation:

  1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

  2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

  3. Information designated "CONFIDENTIAL" shall be information that the designating party believes in good faith is confidential and implicates common law or statutory privacy interests (including confidential commercial information as referenced in Fed. R. Civ. P. 26(c)(1)(G)) of: (a) the parties to this matter; (b) current or former officers, owners, employees, contractors, or consultants to the parties; or (c) predecessors, parents, subsidiaries, affiliates, or any successors to the parties. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

  4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

  (a) attorneys actively working on this case;

  (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys;

  (c) the parties (including the employees, owners, and officers thereof);

  (d) expert witnesses and consultants retained in connection with this case;

  (e) the Court and its employees ("Court Personnel");

  (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  (g) deponents, witnesses, or potential witnesses; and

      (h)    other persons by written agreement of the parties.

5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than a person listed in Paragraphs 4(a), (b), (c), (e) and/or (f)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to review by the Court if good cause for review is demonstrated by opposing counsel.

6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." In the case of CONFIDENTIAL information in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

7.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.    If any document containing CONFIDENTIAL information produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among

the court papers in this litigation, the party filing the material shall submit the document containing CONFIDENTIAL information under seal in accordance with D.C.COLO.LCivR 7.3.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, including any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. The disclosure of CONFIDENTIAL information pursuant to discovery or the procedures set forth in this Confidentiality Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: _____, 2010.

Agreed:

                                                _____
Bruce Alan Danford
The Law Firm of Bruce A. Danford, LLC
11971 Quay Street
Broomfield, CO 80020
Telephone    (303) 410-2900
ATTORNEY FOR PLAINTIFF

                                                _____*s/ Sarah E. Benjes*_____
J. David Arkell (#4337)
Geri K. House (#34198)
Sarah E. Benjes (#39270)
Faegre & Benson LLP
3200 Wells Fargo Center, 1700 Lincoln Street
Denver, CO 80203-4532
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
E-mail:  DArkell@faegre.com
          GHouse@faegre.com
          SBenjes@faegre.com
ATTORNEYS FOR DEFENDANT PRECEPT BUILDERS, INC.

THE FOREGOING STIPULATION IS HEREBY MADE AN ORDER OF COURT

January 8, 2010

BY THE COURT:

_____
District Court Judge or Magistrate Judge

fb.us.4720802.01